# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS SAN ROMAN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-10-1158-F |
| ) | |
| MARVIN VAUGHN, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Luis San Roman, represented by counsel, challenges the revocation of his suspended sentence in Case No. CF-2005-4875, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal (*see* Doc. ##7-8), contending the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C. §2244(d). Petitioner has filed a response to the Motion (*see* Doc. #10), and the matter is at issue. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## I. Background

On April 14, 2006, Petitioner entered a plea of guilty to the crime of Using a Vehicle to Facilitate the Intentional Discharge of a Firearm (Drive-By Shooting) in violation of Okla. Stat. tit. 21, § 652. Petitioner received a 15-year suspended sentence. *See* Petition [Doc. #1] at ¶¶ 1-5.

On September 7, 2007, the State of Oklahoma filed a motion to revoke Petitioner's suspended sentence, alleging that he had violated the terms and conditions of his probation. *See* Brief in Support of Motion to Dismiss (Brief in Support) at page 1 and Exhibit 1, state court docket at 7. After a hearing on October 30, 2007, the state district judge revoked Petitioner's suspended sentence. *See id*. at 9.

Petitioner did not file a direct appeal of the order revoking his suspended sentence to the Oklahoma Court of Criminal Appeals (OCCA). On September 25, 2008, however, Petitioner filed a motion in state district court for judicial review to modify his sentence. *See* Okla. Stat. tit. 22, § 982a. Less than a month later, the state district judge held a hearing on Petitioner's motion and modified his sentence from 15 years imprisonment to 10 years imprisonment and 5 years probation. *See id*. at 10; *see also* Petitioner's Response [Doc. #10], Exhibit 1, Transcript of Proceedings, Motion for Judicial Review Had on October 17, 2008.

On March 16, 2010, Petitioner filed an application for post-conviction relief seeking a revocation appeal out of time. *See* Brief in Support, Exhibit 1, state court docket at 11. The application was denied by the state district court, and the OCCA affirmed the denial on August 3, 2010. *See* Brief in Support, Exhibit 2, OCCA Order Affirming Denial of Application for Post-Conviction Relief.

Petitioner filed the instant petition for federal habeas relief on October 28, 2010.

## II. Analysis

### A. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates. For purposes of the instant petition, the first (and most common) triggering date applies: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

As set forth above, Petitioner did not file a notice of appeal within ten days of the state district court's pronouncement revoking his suspended sentence as required under Oklahoma law. *See* Okla. Stat. tit. 22, ch. 18, app., Rule 2.5 (providing that "[w]ithin ten (10) days from the date the Judgment and Sentence is imposed in open court or an order grants an appeal out of time, the defendant must file with the trial court clerk a notice of intent to appeal and designation of record in the form prescribed in Rule 1.14(C)"). Therefore, the revocation of Petitioner's sentence became final on November 9, 2007.

Under the provisions of § 2244(d)(1)(A), Petitioner had one year from November 9, 2007, to file his federal habeas petition. *See Malone v. Oklahoma*, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (unpublished op.) (the one-year limitation period should be calculated

---

[1] In this federal habeas action, Petitioner only challenges the revocation of his suspended sentence. Therefore, the dates pertinent to the timeliness of his habeas petition center upon the revocation proceedings.

3

using anniversary date method) (*citing United States v. Hurst*, 322 F.3d 1256, 1260-1261 (10th Cir. 2003)). Petitioner did not file his § 2254 petition until October 28, 2010, well after the one-year period expired. Absent any tolling events, the Petition is untimely filed.

**B.** **Statutory Tolling**

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled during the time a properly filed application for state post-conviction relief is pending. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-1211 (10th Cir. 2000); *see also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-conviction remedies).

Petitioner filed an application for post-conviction relief in the state district court on March 16, 2010. Because the application was not filed until after the one-year limitation period expired, statutory tolling is not available to Petitioner. *See, e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period for convictions, like Fisher's, which became final before the effective date of AEDPA."). And, although Petitioner's motion for judicial review to modify his sentence was filed within the one-year limitations period, the motion does not qualify as an application for post-conviction or other collateral relief and, therefore, does not serve as a basis for statutory tolling. *See, e.g,*

4

*Nicholson v. Higgins*, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005) (unpublished op.) (noting that petitioner's motion for judicial review under Okla. Stat. tit. 22, § 982a, allowing state courts to modify parole revocation within twelve months after revocation, did "not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period").[2] Petitioner, therefore, has not demonstrated timely filing of his petition through the aid of statutory tolling.

### C. Equitable Tolling

The Supreme Court has recently held that AEDPA's statutory limitations period is subject to equitable tolling "in appropriate cases." *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Petitioner, citing *Holland*, seeks equitable tolling in this case based on a claim of "actual innocence."

In *Holland*, the Supreme Court addressed the availability of equitable tolling where the habeas petitioner claimed that extraordinary circumstances had prevented the timely filing of his habeas petition. The Court did not address equitable tolling premised on a claim

---

[2]In more recent unpublished decisions, the Tenth Circuit has not definitively stated whether a motion for judicial review to obtain sentence modification filed pursuant to Okla. Stat. tit. 22, § 982a operates to toll the limitations period, but has observed it is "a question over which there is some doubt." *See Bynum v. Howard*, 317 Fed. Appx. 788, 789 n. 1 (10th Cir. March 20, 2009) (unpublished op.); *see also Dampf v. Parker*, 380 Fed. Appx. 781, 782 n.1 (10th Cir. June 1, 2010) (unpublished op.) (recognizing conclusion of court in *Nicholson* that an application for judicial review filed pursuant to Okla. Stat. tit. 22, § 982a does not toll the AEDPA's one year limitations period, but not deciding the issue because the instant petition was untimely even if the application for judicial review tolled the limitations period). Here, even if the Court were to allow tolling for the time period during which Petitioner's motion to modify his sentence remained pending (approximately 22 days), such tolling would not render the petition timely.

5

of actual innocence.[3] However, Tenth Circuit precedent holds a "sufficiently supported claim of actual innocence" creates an exception to the procedural barrier posed by the AEDPA's limitations period for bringing constitutional claims. *Lopez v. Trani*, ___ F.3d ___, 2010 WL 4923891 at * 3 (10th Cir. Dec. 6, 2010) (for publication).

Petitioner pled guilty to the underlying charge that led to his suspended sentence and, significantly, he is not claiming he is actually innocent of that conviction. Rather, his argument for equitable tolling centers on the revocation of his suspended sentence.

The State moved to revoke Petitioner's suspended sentence in connection with new criminal charges that had been filed against Petitioner for Pointing a Firearm at Another and Possession of a Firearm, Case No. CR-2007-4982, District Court of Oklahoma County, State of Oklahoma. Petitioner claims he is actually innocent of these charges, relying on the fact that the criminal charges were later dismissed by the State. In support of his request for equitable tolling, Petitioner submits the transcript of the hearing on his motion to modify his sentence, where Petitioner asserted the identical claim of actual innocence as presented here. *See* Petitioner's Response [Doc. #10], Exhibit 1, Transcript of Proceedings, Motion for

---

[3]In his response, Petitioner misstates the issue before the Court in *Holland* and misconstrues the Court's holding recognizing equitable tolling. *See* Response at 2 ("[T]he law is clear that cases involving ineffective assistance of counsel are not time barred by § 2254(d)); and *id*. ("Thankfully and timely, the Supreme Court recently specifically addresses why ineffective assistance claims are eligible for equitable tolling under § 2244(d)."). In *Holland*, the extraordinary circumstances at issue that prevented the petitioner from timely filing his habeas petition involved the conduct of the petitioner's attorney. But, significantly, as the Court pointed out, the petitioner "d[id] not argue that his attorney's misconduct provide[d] a substantive ground for relief." *Holland*, 130 S.Ct. at 2563. In other words, the Court did not address a Sixth Amendment claim of ineffective assistance of counsel in *Holland*. Rather, the Court confined its analysis to "how equity should be applied" to § 2244(d). *Id*.

6

Judicial Review Had on October 17, 2008 (Tr.). The same state district judge that had conducted the revocation hearing presided over the hearing on the motion to modify sentence.

At the sentence modification hearing, Petitioner's counsel made offers of proof as to the testimony of two individuals, the victim of the criminal charge, Rodolfo Botello, and a witness to the incident giving rise to the charge, Cruz Blos. The proffer provided that Cruz Blos "would testify that Luis Sanroman did not commit the new crime as alleged by the State of Oklahoma and that Mr. Luis Sanroman is factually innocent." He further would testify that he "observed the entire transaction that was alleged to have occurred and did not see Mr. Sanroman ever possess a firearm and therefore, Mr. Sanroman did not point a firearm." Tr. at 15. As to the testimony of Rodolfo Botello, counsel proffered that Mr. Botello "would testify the same [as Cruz Blos]." Rodolfo Botello would testify "[t]hat he was present during the transaction and that he never saw . . . Mr. Sanroman possess a firearm and consequently Mr. Sanroman never pointed a firearm at Mr. Botello." Tr. at 15-16. The state prosecutor stipulated to both proffers but argued nevertheless against modification of the sentence, relying on the Court's prior finding at the revocation hearing that Petitioner had violated his probation. Tr. 16.

The state district judge noted that the same proffered testimony of Cruz Blos had been presented to the Court at the revocation hearing in the form of an affidavit. Tr. at 13-14; *see also* Tr. 16. The judge expressly noted having taken the affidavit under consideration at the revocation hearing. Tr. at 14.

7

The state district judge then read into the record her prior findings made at the revocation hearing, expressly noting the finding that the state had met its burden of proof by a preponderance of the evidence that the Petitioner had violated his probation. Tr. 17, 19-20. The state district judge emphasized that the victim, a member of a rival gang, recanted prior testimony inculpating Petitioner only after receiving threatening recorded phone calls from the jail. Tr. 17-18. The state district judge then concluded:

> I believe that taking all of the evidence into consideration that the State met their burden of proof by a preponderance of the evidence. The fact that the case was later dismissed by the State happens for a variety of reasons.

Tr. 22.

Pursuant to 28 U.S.C. § 2254(e)(1), the findings of the state court are presumed correct unless Petitioner rebuts them by clear and convincing evidence. It is clear the state court was in the best position to assess the credibility of the witness testimony and other evidence presented at both the revocation hearing and the modification hearing, and Petitioner has not rebutted the state court's findings with clear and convincing evidence.

Moreover, the OCCA has characterized the revocation proceedings as follows:

> A revocation hearing on a suspended sentence is unique to most criminal hearings. This hearing is an exercise of the court's supervision over a probationer. The court maintains continuing jurisdiction via a judgment and sentence which imposes subsequent conditions upon defendant's freedom, conditions to which defendant agrees to abide. There is no adjudication of guilt or innocence upon the court's entry of its order upon an application to revoke. The court has only made a factual determination involving the existence of a violation of the terms of the suspended sentence. The consequence of judicial revocation is to execute a penalty previously imposed in the judgment and sentence.

8

*Moore v. State*, 644 P.2d 1079, 1081 (Okla. Crim. App. 1982) (*quoting Marutzky v. State*, 514 P.2d 430, 431 (Okla. Crim. App. 1973)). And, the OCCA has held that when the charge used to revoke a suspended sentence is dismissed, the revocation is nonetheless valid where it "was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof 'by a preponderance of the evidence.'" *Moore v. State*, 644 P.2d 1079, 1080 (Okla. Crim. App. 1982) (*quoting Phipps v. State*, 529 P.2d 998, 1001 (Okla. Crim. App. 1974)). Thus, the dismissal of the criminal charges for Pointing a Firearm at Another and Possession of a Firearm did not invalidate the revocation of Petitioner's suspended sentence where the State proved, by a preponderance of the evidence, a violation of the terms of Petitioner's suspended sentence.

In sum, the record before the Court demonstrates that in accordance with Oklahoma law, the state district court judge properly found the State had met its burden for revocation of the suspended sentence. Petitioner has failed to present the rare and extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). Equitable tolling of the limitations period, therefore, is not proper.[4]

---

[4]Respondent further claims equitable tolling is not proper because Petitioner failed to demonstrate diligence in pursuing his federal habeas claims. However, in *Lopez*, decided after the submission of Respondent's Motion to Dismiss, the Tenth Circuit held a petitioner need not show diligence where equitable tolling is sought on grounds of actual innocence. *Id.*, ___ F.3d ___, 2010 WL 4923891 at *3 ("We thus reject the reading of our precedent that would require a habeas petitioner seeking equitable tolling on actual innocence grounds to demonstrate that he diligently pursued his actual innocence claim."). The Court, therefore, has not addressed Respondent's contentions related to Petitioner's alleged lack of diligence.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ## 7-8] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by February 16th, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this 26th day of January, 2011.

/s/ Valerie K. Couch
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE